# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SENTINEL MAINTENANCE OF LAS VEGAS, LLC, et al., <br><br> Defendants. | Case No. 2:22-cv-00565-JCM-NJK <br><br> **Order** <br><br> [Docket Nos. 43, 44, 48, 52] |

  Pending before the Court are four motions to seal. Docket Nos. 43, 44, 48, 52.

  The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

  In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. *Id.* A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178 (quoting *Foltz v. Sate Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Further, when possible,

documents should be redacted rather than sealed entirely. *See In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th. Cir. 2011).

In Docket No. 44, Plaintiffs ask to seal their motion for summary judgment and related exhibits.[1] Docket No. 44; *see also* Docket Nos. 45, 46 (motion for summary judgment). Plaintiffs seek to seal Exhibits 14, 15, 20, 22, 23, 24, 25, 27, 28, 33, 35, 38, and the related portions of their motion for summary judgment. Docket No. 44 at 2-3. Plaintiffs submit that good cause exists to seal these exhibits because they contain documents designated "Confidential" by Defendants. *Id.* at 2. Pursuant to this Court's orders, *see* Docket Nos. 21 at 2; 56, Defendants filed a notice regarding Plaintiffs' motion to seal, Docket No. 58. Defendants have removed the "Confidential" designation from Exhibits 23, 24, 25, and 38. *Id.* at 3. Accordingly, the Court denies Docket No. 44 as to those exhibits. Further, Defendants have removed the "Confidential" designation from Exhibit 6 to Plaintiffs' opposition to Defendants' motion for summary judgment. *Id.* The Court will, therefore, deny Docket No. 48 to the extent it seeks to seal Exhibit 6 to Plaintiffs' opposition to Defendants' motion for summary judgment.

Exhibit 14 to Plaintiffs' motion for summary judgment is an asset purchase agreement between Defendant Sentinel Maintenance of Las Vegas, LLC and a non-party to this case and Exhibit 15 is an asset purchase agreement between Defendant SMI, LLC and a non-party to this case. Docket Nos. 58 at 3; 46-2; 46-3. Exhibits 27 and 28 are customer lists for Defendants and, collectively, are identical to the exhibit Defendants move to seal in Docket No. 43. Docket Nos. 58 at 4; 46-9; 46-10; *see also* Docket Nos 43; 42 at 475-80. Exhibit 20 is a collection of bank account statements for Defendant SMI, LLC. Docket Nos. 58 at 3; 46-4. Exhibit 22 is an accounting journal for Defendant Sentinel Maintenance of Las Vegas, LLC, Docket Nos. 58 at 3; 46-5, and Exhibit 33 is an accounting journal for Defendant SMI, LLC, Docket Nos. 58 at 3; 46-11. Exhibit 35 is a check register report containing payroll information for Defendant Sentinel Maintenance of Las Vegas, LLC's employees. Docket Nos. 58 at 4-5; 46-12.

---

[1] Docket No. 44 pertains to all the underlying documents that the currently pending motions to seal address. Accordingly, the Court centers its discussion around that motion.

Defendants' notice fails to "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. Defendants' notice instead merely provides conclusory arguments and allegations of the harm they would sustain if the subject exhibits were publicly disclosed. Further, Defendants fail to address whether any of the documents could be partially redacted to protect any sensitive information. *See Roman Cath. Archbishop*, 661 F.3d at 425. Defendants' notice does not allow the court to "conscientiously balance the competing interests of the public" in being able to access the judicial process with Defendants' interests in keeping the documents sealed. *Kamakana*, 447 F.3d at 1178. The Court cannot, therefore, find compelling reasons to seal Exhibits 14, 15, 20, 22, 23, 24, 25, 27, 28, 33, 35, 38, and the related portions of their motion for summary judgment.

For the reasons more fully discussed above:

1) Docket No. 43 is **DENIED** without prejudice.

2) Docket No. 44 is **DENIED** in part and **DENIED** without prejudice in part. Docket No. 44 is **DENIED** as to Exhibits 23, 24, 25, and 38 to Plaintiffs' motion for summary judgment. Plaintiffs are **ORDERED** to file a notice of compliance attaching unredacted copies of Exhibits 23, 24, 25, and 38 to their motion for summary judgment to the Docket no later than **September 8, 2023**. Docket No. 44 is **DENIED** without prejudice as to Exhibits 14, 15, 20, 22, 27, 28, 33, 35, and the related portions of Plaintiffs' motion for summary judgment.

3) Docket No. 48 is **DENIED** in part and **DENIED** without prejudice in part. Docket No. 48 is **DENIED** as to Exhibit 6 to Plaintiffs' opposition to Defendants' motion for summary judgment. Plaintiffs are **ORDERED** to file a notice of compliance attaching an unredacted copy of Exhibit 6 to their opposition to Defendants' motion for summary judgment to the Docket no later than **September 8, 2023**. Docket No. 48 is **DENIED** without prejudice as to the portions of Plaintiffs' opposition discussing documents designated confidential by Defendants.

4) Docket No. 52 is **DENIED** without prejudice.

5) Defendants must file, no later than **September 8, 2023**, a renewed motion to seal articulating why compelling reasons based on specific factual findings from the record exist to

keep the subject exhibits and related portions of the motion practice sealed. Defendants' renewed motion to seal must also fully address whether the subject exhibits can be partially redacted.

      6) The Clerk's Office is **INSTRUCTED** to keep Docket Nos. 41, 42, 46, 49, and 53 sealed pending a further Court order.

      IT IS SO ORDERED.

      Dated: August 16, 2023

                                                        Nancy J. Koppe
                                                        United States Magistrate Judge