# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., <br><br>　　　Plaintiff(s), <br><br>v. <br><br>SENTINEL MAINTENANCE OF LAS VEGAS, LLC, et al., <br><br>　　　Defendant(s). | Case No. 2:22-cv-00565-JCM-NJK <br><br>**Order** <br><br>[Docket No. 78] |

　　Pending before the Court is a motion to withdraw as counsel for Defendants Sentinel Maintenance and SMI. Docket No. 78.

　　Whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In exercising that discretion, courts may consider a number of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021). With respect to the first consideration, courts generally view a failure to pay legal fees as a weak justification for withdrawal. *See, e.g.*, *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *1-2 (S.D.N.Y. June 7, 1996).

　　Based on the vague assertions made in the motion papers, it appears that withdrawal is premised on a failure to pay legal fees. *See* Docket No. 78 at 3. It is not clear that such a circumstance warrants allowing withdrawal at this juncture. Summary judgment has already been granted, Docket No. 69, motions related to entry of judgment appear to be unopposed, Docket Nos. 70, 71, and the only loose end is a motion for attorney's fees, Docket No. 72. The deadline to

respond to the motion for attorney's fees is currently set for May 8, 2024. Docket No. 77. As these circumstances demonstrate, there is not much lawyering work left in the case.

Moreover, withdrawal is sought for two corporate defendants, which cannot proceed without an attorney. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Hence, allowing withdrawal will likely result in weeks or months of delay while these defendants attempt to retain new counsel. If new counsel cannot be retained, then the withdrawal would lead to default judgment proceedings. *See id.* It is not clear that this delay (or potential creation of additional proceedings) is justified given the procedural posture and the limited work that appears to be left in the case.

Given the circumstances, the Court has not been persuaded that withdrawal is appropriate and the motion to withdraw is **DENIED** without prejudice. The Court is mindful that the motion is purposefully vague. If counsel believe a sufficient showing can be made to warrant withdrawal, a renewed motion may be filed.[1]

IT IS SO ORDERED.

Dated: April 26, 2024

Nancy J. Koppe
United States Magistrate Judge

---

[1] Counsel reference the potential for sharing information with the Court in secret. Docket No. 78 at 3. If counsel wish to pursue that option, they must comply with the governing procedures and meet the applicable standards. *See, e.g.*, Local Rule IA 10-4 (in camera); Local Rule IA 10-5 (sealing).